UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LON'DRATIS DUPREE CLARK<br>#00547087,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF TENNESSEE,<br><br>    Defendant | NO. 3:20-cv-00407 |

## MEMORANDUM OPINION AND ORDER

Lon'Dratis Dupree Clark, a convicted and sentenced state prisoner serving his sentence in the Wilson County Jail in Lebanon, Tennessee, has filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1), and an application to proceed in district court without prepaying fees and costs. (Doc No. 2.) The case is before the Court for a ruling on the application and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I.    APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The custodian of Plaintiff's trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's

credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Administrator of the Wilson County Jail to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. INITIAL REVIEW OF THE COMPLAINT

**A.      Standard for Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and

"held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

**B.     Background and Allegations**

Plaintiff filed his first lawsuit about choking on a corn dog stick in the Wilson County Jail in January 2020. The Court described his allegations at that time as follows:

> Plaintiff alleges that on the evening of November 16, 2019, he choked on a broken wooden stick that was left inside a corn dog served to him for dinner in his cell. (Doc. No. 1 at 4.) Plaintiff choked, gagged, dry-heaved, and ultimately expelled the stick onto the food tray. (Id. at 4, 6.) His cell mate called for help, and he was taken to the hospital, where he received medication to numb the pain in his throat and chest. (Id. at 4, 6.)
>
> Plaintiff alleges that "the sticks are suppose[d] to be taken out of the corn dogs by the kitchen staff, not broken off inside of the corn dog." (Id. at 4.) As the constitutional basis for his lawsuit, he claims that the "Wilson County Jail [is] being neglegent [sic] with [his] life," and he claims that Sheriff Robert Bryan and the Wilson County Jail allow inmates "with no experience working in the kitchen an[d] handleing [sic] inmate food and being careless and neglegent [sic]." (Id. at 3, 5.)
>
> Plaintiff alleges that his throat, wind pipe, and chest still feel scratchy and painful, that his "digestion has been messed up," and that he has suffered emotional injury from the incident. (Id. at 6.)

Clark v. Bryan, No. 3:20-cv-00011 (M.D. Tenn. Jan. 24, 2020) (Richardson, J.) The Court dismissed that lawsuit for failure to state a claim for several reasons. First, the Court concluded

3

that Plaintiff alleged an incident of negligence, rather than deliberate indifference, which did not state a claim for violation of his constitutional rights. Id. at 4–5. Second, it found that the Wilson County Jail was not a proper defendant under Section 1983, that Plaintiff had not alleged the personal involvement of Sheriff Bryan, and that Plaintiff had not alleged any county policy that would support county liability in connection with the official-capacity claim against Bryan. Id. at 5–6.

Plaintiff apparently disagreed with that ruling. But instead of appealing it, he filed a second lawsuit just weeks later based on the same facts. This time Plaintiff expressly named Wilson County as the sole defendant. The Court reiterated that it had already found that Plaintiff's allegations did not support any liability for Wilson County and dismissed the second lawsuit as barred by the doctrine of res judicata. Clark v. Wilson Cty., No. 3:20-cv-00117 (M.D. Tenn. Apr. 14, 2020) (Trauger, J.). Plaintiff did not appeal that ruling.

Instead, Plaintiff expresses his dissatisfaction with this Court's handling of his lawsuits by filing his third and current lawsuit arising from the same choking incident. He repeats the following facts about that incident:

> My life has been endangered here at the Wilson County Jail and I can't get any relief from the pain and suffering I endured from Wilson County's wrongful negligence. I choked on a stick that was broken off inside of my corn dog on November 16, 2019, and all sticks are to be removed. . . . I also had to seek outside medical attention from Vanderbilt Wilson County Hospital.
> . . .
> I choked on a stick that was broken off inside of my corn dog. I was strangled and suffocated and couldn't breath[e]. I also had to be transported to Vanderbilt Wilson County Hospital due to being injured from the stick being lodged in my throat. The stick was suppose[d] to be taken out.

(Doc. No. 1 at 5–6.) He alleges that he continues to suffer pain and digestion problems because

4

of the incident.[1] (Id. at 6.) He sues the State of Tennessee for $25,000 "for being mentally, emotionally, physically disturbed due to this negligent act." (Id.)

The remainder of the current complaint is devoted to Plaintiff's protests that "the justice system is not working," that nobody is being held responsible for his health or safety, and that this Court is being "unprofessional" by repeatedly dismissing his complaints when "y'all being federal y'all are the main people who should be trying to seek justice for me." (Id. at 5.)

**C.      Analysis**

The complaint is frivolous on its face. It is his third complaint about an incident that he has already been told does not amount to a violation of his constitutional rights. And he seeks money damages from the State of Tennessee, which is absolutely immune from any suit for damages under Section 1983. Berndt v. Tennessee, 796 F.2d 879, 881 (6th Cir. 1986) (stating that Tennessee has not waived its Eleventh Amendment immunity from § 1983 suits).

Moreover, Plaintiff adamantly asserts the erroneous theory that because he suffered an injury in jail his constitutional rights must have been violated. But, as the Court has already explained, the Constitution does not demand an inmate's "absolute safety" in jail. Clark v. Bryan, at 4 (citing Farmer v. Brennan, 411 U.S. 825 (1994)). To violate the Constitution requires "something more than mere negligence," and an official only violates the Constitution with regard to risks to an inmate's health or safety "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 411 U.S.

---

[1] The portion of the complaint devoted to exhaustion of administrative remedies suggests that Plaintiff has filed an institutional grievance about being denied treatment (Doc. No. 1 at 7), but he does not allege any instances of such denials in the body of his complaint. To the contrary, Plaintiff has alleged that he was taken to the hospital for treatment shortly after the choking incident. (Id. at 6.) Accordingly, the Court does not construe the current complaint to raise any claim about recent or on-going denial of medical care, and Plaintiff must raise any such claims in a separate complaint if he so chooses.

5

at 835, 847. A corn dog clearly does not pose the "substantial risk of serious harm" required to implicate Plaintiff's constitutional rights, and any argument that it does is frivolous. And even if the corn dog stick were deemed dangerous enough to satisfy that standard, Plaintiff affirmatively acknowledges that the official policy at the jail is that the sticks are to be removed, which is a reasonable measure to abate that danger. The cause of Plaintiff's injury, therefore, is exactly what he alleges it was—negligence—which does not amount to the cruel and unusual punishment required to state a claim for violation of the Eighth Amendment.

### III. CONCLUSION

For the reasons explained above, this action is **DISMISSED** as frivolous and for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

In light of Plaintiff's history of repeatedly filing the same claim, he is cautioned that further repetitive filing of claims he now knows to be frivolous might result in sanctions against him. See Williams v. City of Hartford, No. 3:19-CV-00444 (JAM), 2020 WL 127705, at *7 (D. Conn. Jan. 10, 2020), reconsideration denied, No. 3:19-CV-00444 (JAM), 2020 WL 564004 (D. Conn. Jan. 20, 2020) (holding that dismissal on the basis of res judicata constitutes a strike under 28 U.S.C. § 1915(g) because "the filing of a redundant suit after an identical action is dismissed as frivolous typifies the problem that [section 1915(g)] is intended to remedy" (quoting Elufe v. Clauberg, 2012 WL 1506692, at *1 (S.D.N.Y. 2012)); Johnson v. Armstrong, No. 04-3023-M1/P, 2005 WL 2210074, at *4 (W.D. Tenn. Sept. 12, 2005) (collecting cases confirming district court's "inherent authority to impose sanctions" against prisoner for frivolous and abusive litigation).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE