UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LON'DRATIS DUPREE CLARK #00547087, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:20-cv-00407 ) ) |
| STATE OF TENNESSEE, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

The Court dismissed Plaintiff's third lawsuit about choking on a corn dog stick as frivolous on May 20, 2020. (Doc. No. 4.) On May 23, 2020, Plaintiff mailed an unsigned pleading titled "Wrongful Negligence, Wilson County Jail Endangering My Life," in which he says he is "very baffled" to have "3 judgments to come back denied and Wilson County Jail and Robert Bryan and Wilson County not responsible or accountable for inmate saf[e]ty & health" and asks "how this court is not making someone accountable for almost killing" him. (Doc. No. 5.) As this submission was submitted in opposition to the Court's judgment, the Court construes it as a motion to alter or amend under Federal Rule of Civil Procedure 59.

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)). Plaintiff's submission does not satisfy any of those elements. He essentially just repeats his previous arguments that because he was injured this Court must hold someone responsible. But "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." Michigan Flyer LLC v. Wayne Cty.

Airport Auth., 860 F.3d 425, 431 (6th Cir. 2017) (quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)); see also Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (explaining that Rule 59(e) is "not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented."). Accordingly, Plaintiff's motion (Doc. No. 5) is **DENIED**.

In keeping with the judicial refrain that "justice must not only be done but must manifestly be seen to be done," Joint Anti-Fascist Refugee Comm. v. McGrath, 341 U.S. 123, 172 n.19 (1951) (Frankfurter, J., concurring), the Court will try one last time to explain to Plaintiff why his case does not amount to a constitutional violation. First, the Court wants to be clear that it has accepted Plaintiff's factual allegations as true; there is no question at this stage that Plaintiff choked on a portion of a stick left in the corn dog he was served and that he was taken to the hospital for treatment. Tennessee law provides for suits against local governments for injuries caused by the negligence of government employees under certain circumstances, see Tenn. Code Ann. § 29-20-205, and the Court expresses no opinion about whether Plaintiff might have had a meritorious claim under the Tennessee Governmental Tort Liability Act.

But the statute under which Plaintiff brought his federal lawsuits, 42 U.S.C. § 1983, only provides a remedy for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. That is a narrow category of cases involving violations of the United States Constitution and federal laws. To state a *constitutional* claim about an injury arising from a dangerous condition in jail, an inmate must allege more than negligence. The Supreme Court has explained that the deliberate indifference required to violate the Constitution in that context requires "a state of mind more blameworthy than negligence," "entails

something more than mere negligence," and requires "more than ordinary lack of due care for the prisoner's interests or safety." Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).  Thus, for example, a "garden-variety negligence claim" arising from an inmate's slip and fall on a wet floor does not state a claim under Section 1983. Marsh v. Jones, 53 F.3d 707, 711–12 (5th Cir. 1995).

Even Plaintiff's latest submission refers to his choking incident as "negligence" in its caption and at least three more times in the body of the document. (Doc. No. 5 at 1.)  He does not allege that any jail employee knew there was a broken stick inside his corn dog and deliberately disregarded any danger to Plaintiff.  His allegations simply do not satisfy the relatively high standard for a constitutional claim under Section 1983.

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE